FILED by RGS D.C.

JUL 31 2009

STEVEN M. LARIMORE
CLERK U S DIST CT
S. D. of FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OWEN HARTY, Individually,

    Plaintiffs,

v.

BIRDSIDE CENTRE CORP., A Florida Corporation,

    Defendant.

Case No. **09-22267 CIV-ALTONAGA**

**MAGISTRATE JUDGE BROWN**

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, BIRDSIDE CENTRE CORP., A Florida Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is bound to ambulate in a wheelchair.

2. Defendant's property, Birdside Centre, 12805- 12899 Bird Road, Miami, FL. 33175, is located in the County of Miami-Dade.

3. Venue is properly located in the SOUTHERN DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC .

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Birdside Centre, 12805- 12899 Bird Road, Miami, FL. 33175.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint.

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Birdside Centre not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Birdside Centre has shown that violations exist. These violations include, but are not limited to:

## **Parking**

1. There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

## Entrance Access and Path of Travel

1.   The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG whose resolution is readily achievable.

2.   There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

3.   There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

4.   The doors in several of the stores are fitted with inaccessible hardware, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

5.   The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG whose resolution is readily achievable.

6.   There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

7.   The floor mat or carpet at the entry door is not fastened to the floor surface violating Section 4.5.3 of the ADAAG whose resolution is readily achievable.

## Access to Goods and Services

1. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

2.  There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3.  There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

4.   There is insufficient clear floor space to access goods or services at the facility, in violation of several Sections of the ADAAG whose resolution is readily achievable.

5.   There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG whose resolution is readily achievable.

6. There is an ATM provided for public use that does not comply with the requirements of Section 4.34 of the ADAAG whose resolution is readily achievable.

**Restrooms**

1. The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

2. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

3. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

4. The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG whose resolution is readily achievable.

5. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG whose resolution is readily achievable.

6. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

7. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

8. Some of the restrooms do not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

9. Some of the restrooms do not provide the required latch side clearance violating the provisions of the ADAAG whose resolution is readily achievable.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory

acts violating the ADA and FAC and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA and FAC violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC .

12. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation

expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Birdside Centre to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the

commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City,  FL 33328
954-478-7811
fx 954-237-1990
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262

By: _____
Thomas B. Bacon, Esq.

**09-22267**

**FILED by RGS D.C.**
JUL 31 2009
STEVEN M. LARIMORE
CLERK U S DIST CT
S. D. of FLA. – MIAMI

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Owen Harty

**DEFENDANTS**
Birdside Centre

**(b)** County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas B. Bacon, P.A., 4868 SW 103rd Ave. Cooper City, FL 33328, 954 478-7811

Attorneys (If Known)

**CIV - ALTONAGA**

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**MAGISTRATE JUDGE BROWN**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV22267 Altonaga/Brown

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☒ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO
JUDGE
DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:
Injunctive relief 42 USC section 12181, ADA

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 0.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 7/22/09

FOR OFFICE USE ONLY
AMOUNT $350.00 RECEIPT # 1005721
07/31/09